

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-10-00189-CR

JAMES ALVA ELSTON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant James Alva Elston of burglary of a habitation and unlawful possession of a firearm by a felon and, upon his pleas of true to two enhancement paragraphs and three habitual paragraphs, assessed his punishment at ninety-nine years' confinement for each count. The trial court sentenced him accordingly. In his sole point, Appellant contends that the trial judge was biased and should have been recused from trying the case. Because

---

[1]See Tex. R. App. P. 47.4.

we hold that Appellant did not satisfy his burden of proving that the trial judge was so biased as to deny Appellant due process of law, we affirm the trial court's judgment.

We review the denial of a recusal motion for an abuse of discretion.[2] We may not reverse the regional presiding judge's ruling on a recusal motion as long as the ruling is within the zone of reasonable disagreement.[3] In our review, we consider the totality of the evidence admitted at the hearing.[4] We presume judicial impartiality.[5] Further, "mere violations of the Code of Judicial Conduct alone, do not constitute reversible error . . . , and . . . [u]nethical conduct . . . is not necessarily a legal ground for reversal."[6] Judicial bias may serve as a ground for recusal only if it "is shown to be of such a nature and to such an extent as to deny a defendant due process of law."[7] It is a defendant's burden to show at the hearing that the trial judge has such bias.[8]

---

[2]Tex. R. Civ. P. 18a(f); *Wesbrook v. State*, 29 S.W.3d 103, 120–21 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001).

[3]*Wesbrook*, 29 S.W.3d at 120–21.

[4]*Kemp v. State*, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992), *cert. denied*, 508 U.S. 918 (1993).

[5]*Wesbrook*, 29 S.W.3d at 121.

[6]*Id.* (quoting *Kemp*, 846 S.W.2d at 306).

[7]*Id.*

[8]*Id.*

In his April 2010 motion to recuse, Appellant alleged that he believed that because of his known association with the Aryan Brotherhood, he would not "receive an impartial, unbiased, and objective trial" with the presiding district judge and that the presiding district judge's "impartiality" could "be reasonably questioned due to the Judge's personal bias or prejudice concerning gang-related activities and affiliations."

Appellant's sole evidence at the April 30, 2010 hearing was a video recording of the trial judge discussing in a public interview a 2006 aggravated assault with a deadly weapon, three perpetrators of which were also members of the Aryan Brotherhood. The trial judge described the perpetrators as "tough guys"; he described the Aryan Brotherhood generally as "bad, bad dudes" who "enjoy that kind of criminal activity, that assaultive, even murderous activity." The trial judge continued, "It's scary [that this crime] happened right here in our community . . . . [We're] sleeping with the Aryan Brotherhood." Even though his case had been filed in the trial judge's court more than a year, Appellant put on no evidence to show that the trial judge had exhibited any bias toward him, nor did he offer evidence that the trial judge had shown bias toward any other Aryan Brotherhood members in his court, including those described in the 2006 interview. The State put on no evidence at the hearing.

Additionally, despite Appellant's argument that the jury pool was tainted, we see no evidence in the record that the jury knew about the 2006 interview or that it knew the trial judge's views of the Aryan Brotherhood. Further, Appellant

3

does not contend that the trial court abused its discretion by admitting evidence concerning the Aryan Brotherhood and his connection to it.

Applying the appropriate standard of review, we hold that the regional presiding judge did not abuse his discretion by denying Appellant's motion to recuse the trial judge. We therefore overrule Appellant's sole point and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 24, 2011

4